CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, <br> Plaintiff, | Civil Action No. 5:09cv00091 |
| v. | MEMORANDUM OPINION |
| JOHN T. HENNESSY, <br> Defendant. | By: Samuel G. Wilson <br> United States District Judge |

This is an action pursuant to 42 U.S.C. §1983 by plaintiff, Thomas L. Switzer, proceeding in forma pauperis, against various Page County officials including the Commonwealth's Attorney, a Juvenile Domestic Relations Judge, and others involved in court proceedings in that county. For relief, Switzer seeks:

(1) to remove the state court proceedings to this court;

(2) to stay the state court judgment;

(3) to declare that a Virginia code provision involved in those proceedings is unconstitutional;

(4) to vacate a protective order entered against him;

(5) to quash a warrant;

(6) an injunction prohibiting the enforcement of the state court judgment; and

(7) a remand to the state court.

A substantial list of legal reasons prohibit this court from granting the relief Switzer seeks, but the court will not belabor them here. It is sufficient to state that the Rooker-Feldman doctrine also bars the relief he seeks. See Dist. of Columbia Ct. of Apps. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under this doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state

judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Switzer's challenge here is nothing more than an impermissible collateral attack on state court proceedings and judgments, where the actions of the state court can be reviewed and corrected under the state's own appellate court procedures.

Accordingly, the Court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**ENTER:** This 30th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although 28 U.S.C. § 1915(a)(1) states
> [s]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses . . .,

28 U.S.C. § 1915(a)(1) (2006) (emphasis added), case law makes it clear that the affidavit requirement of this statute applies to all persons, not just prisoners. The Fourth Circuit has only indirectly addressed the issue. See Michau v. Charleston County, 434 F.3d 725 (4th Cir. 2006) (indicating that 28 U.S.C. § 1915(e) governs in forma pauperis filings *in addition to* complaints filed by prisoners) (emphasis added). At least the Third, Fifth, Sixth, Tenth, and Eleventh Circuits, however, have all concluded that the affidavit requirement of 28 U.S.C. § 1915(a)(1) applies to all persons. See Douris v. Middletown Township, 293 Fed.Appx. 130, *132, 2008 WL 4195150 (3rd Cir. 2008) (stating that "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake. *In forma pauperis* status is afforded to *all* indigent persons, not just prisoners) (emphasis added); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (holding that "the PLRA requires *all* petitioners to file an affidavit complying with section 1915(a)(1), but only prisoners must satisfy the requirements of section 1915(a)(2) and 1915(b)") (emphasis added); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) (concluding that "[d]espite the use of the term 'prisoner possesses,' . . . a typographical error in the final version of the statute occurred and . . . Congress actually intended the phrase to be '*person* possesses'") (emphasis added); Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that [s]ection 1915(a) applies to *all* persons applying for IFP status, and not just to prisoners") (emphasis added); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) (stating that "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to *all* persons requesting leave to proceed IFP") (emphasis added).